R. E. DIETZ CO. et al. *v.* C. T. HAM MANUF'G CO.

(Circuit Court, N. D. New York. July 27, 1893.)

No. 5,922.

1. PATENTS FOR INVENTIONS—INFRINGEMENTS—TUBULAR LANTERNS.

Letters patent No. 287,932, issued November 6, 1883, to Charles J. Higgins, for an improvement in tubular lanterns, whereby the globe is supported in a frame composed of a collar, rods to which said collar may be pivoted, and the supporting base connected directly by the said rods to the collar, the frame being hinged to the oil reservoir, and movable laterally from the lantern without moving the air tubes, burner, or reservoir, are valid, and are infringed by a lantern having a globe supported in and movable with a hinged, tilting frame, composed of a collar which performs all the functions of that of the Higgins patent, and has supporting rods attached to, but not pivoted to, the collar, and connected with the base plate by a direct, though angular, connection.

2. SAME.

Letters patent No. 450,444, issued April 14, 1891, to Lewis F. Betts, for an improvement in tubular lanterns, is a mere improvement on the Higgins lantern, more symmetrical in appearance and convenient in use, but embodying the same general features of construction, neither disclosing new principles of operation nor accomplishing a new result, and must be strictly confined to the precise mechanism described and shown, and, whether involving invention or not, cannot have liberality of construction extended to it nor the doctrine of equivalents applied, and is not infringed by the lantern held to be an infringement of the Higgins lantern.

In Equity. Action by the R. E. Dietz Company and others against the C. T. Ham Manufacturing Company for infringement of letters patent No. 287,932, issued November 6, 1883, to Charles J. Higgins, and No. 450,444, issued April 14, 1891, to Lewis F. Betts,

both for improvements in tubular lanterns. Decree for complainants as to the Higgins lantern, and for the defendant as to the Betts lantern.

E. S. Jenney, for complainants.
Melville Church and Fred F. Church, for defendant.

COXE, District Judge. This suit is to restrain infringement of two letters patent owned by the complainants. The first of these, No. 287,932, was granted November 6, 1883, to Charles J. Higgins. The second, No. 450,444, was granted April 14, 1891, to Lewis F. Betts. Both are for improvements in tubular lanterns. The cause was before the court on a motion for a preliminary injunction, but the validity of the patents was not decided. 47 Fed. Rep. 320. Higgins says regarding his invention:

"My invention consists, as hereinafter specified and claimed, in supporting the globe in a frame composed of a collar, rods to which said collar may be pivoted, and the supporting base connected directly by the said rods to the said collar, the frame, being hinged to the oil reservoir, and movable laterally from the lantern without moving the air tubes, burner or oil reservoir. * * *

"The globe E, of usual shape, has its upper end fitted into a collar or ring, a, herein shown as pivoted upon the side rods, b b, so that the said collar or ring embracing the said globe at top may be turned, tilted, or sprung, or tipped off from the top of the globe when it is desired to release the latter. These rods are shown as spring rods connected at their lower ends to the perforated plate or globe support F, upon which the bottom of the globe rests, the said plate having a central opening to fit over the usual burner, B. The support F is suitably hinged to the oil chamber A, as herein shown, by a bent wire, c, entering a loop d, attached to the under side of the said support F, whereby the globe and its carrying parts may be tipped over to remove the same and the support F from above the burner to enable the wick of the burner to be lighted. * * *

"I desire it to be understood that I do not limit my invention to rods of the exact shape or construction shown, as it is obvious that the rods or connection between the perforated plate or support for the bottom of the globe and the collar which holds the top of the globe may be variously modified, so as to permit the collar to be turned or moved off the top of the globe to release the same without departing from my invention.

"I claim:

"(1) In a lantern, the globe E, supported in and movable with a frame composed of the collar a, rods b b, to which said collar may be pivoted, and the supporting base F, connected directly by the said rods to the said collar, the frame being hinged to be tilted laterally, substantially as shown and described.

"(2) The combination of the oil reservoir A, burner B, tubes C C' and D, and the globe E, supported in and movable with a frame composed of the collar a, rods b b, to which said collar may be pivoted, and the supporting base F, connected directly by said rods to said collar, the said frame being hinged to be tilted laterally, substantially as shown and described."

The Betts patent is for an improvement upon the Higgins lantern. The specification says:

"This invention relates to that class of tubular lanterns in which the globe plate is hinged to the lower part of the lantern and the globe is held on the globe plate by a wire frame extending toward the top of the globe, so that the burner can be exposed by swinging the globe plate, with the globe resting thereon, to one side of the burner. The object of this invention is to produce a construction of the tilting globe frame which shall be simple and which will hold the globe securely on the plate when in its normal position, and thereby insure the proper draft of the lantern, and also when tilted, and thereby prevent breakage. Another object of my invention is to so construct the lantern that the tilting movement of the globe can be easily and conveniently controlled and that the globe frame is securely locked in its normal position without attaching it to the bell or canopy above the globe."

The claims involved are as follows:

"(3) The combination, with the tubular lantern frame and globe, of a globe plate hinged to the lantern frame, upright wires secured to said plate and arranged on the front and rear sides of the lantern, a bow wire connecting the upper ends of the front and rear wires on one side of the globe, and a guard ring connecting the middle portions of the front and rear wires, whereby the globe can be removed laterally upon tilting the globe frame, substantially as set forth.

"(4) The combination, with the tubular lantern frame and the globe, of a globe plate hinged to the rear side of the lantern frame, upright wires secured to said plate and arranged on the front and rear sides of the lantern, a bow connecting the upper ends of said wires and bearing against one side of the globe, and a cross wire secured to the tubular frame on the front side thereof and supporting the front wire, substantially as set forth.

"(5) The combination, with the tubular lantern frame, of a tilting globe frame composed of a supporting plate hinged to the base of the lantern, upright wires secured to said plate and arranged on the front and rear side of the lantern, a bow connecting the upper ends of said wires and embracing one side of the globe, and a fixed bow secured to the lantern frame and embracing the front of the globe, whereby the upper end of the globe is clasped at one side and at the front when the globe frame is in its normal position, but permitted to be removed laterally when the globe frame is swung back, substantially as set forth."

The complainants' title is not disputed, the only defenses now urged being lack of invention and noninfringement. The feature which distinguishes the Higgins lantern from all preceding tubular

lanterns is that the glass globe is mounted in a separate frame and tipped over from the burner laterally without disintegrating the tubular frame or the globe-holding frame of the lantern. No one had done this before. Globes had been tilted before in tubular lanterns, but it had been done by disrupting the air tubes of the lantern in an awkward bungling manner which rendered it less serviceable as a lantern and interfered with its success as an article of commerce. The record also discloses lamps and lanterns, not tubular, with tilting globes, but it cannot be said, assuming that the idea of placing one of these in a tubular lantern would occur to the ordinary lantern maker, that the ingenious mechanism which makes such an arrangement successful required only mechanical skill. The Cahoon lamp and the Clark & Kintz and Clark lanterns certainly do not anticipate, and, it is thought, it required invention to adapt these devices to a tubular lantern. The advantages of the tilting globe over many, if not all, of the previous structures are obvious; a number of inventors were seeking to secure these advantages, but Higgins was the first to do so by introducing this feature successfully into a tubular lantern. He is, therefore, entitled to protection. Krementz v. S. Cottle Co., 148 U. S. 556, 13 Sup. Ct. Rep. 719, and cases cited.

It is thought that the claims of this patent are infringed. The defendant's lantern has the globe E. This globe is supported in and movable with a hinged tilting frame. The frame is composed of a collar which, though not a ring, performs all the functions of the Higgins collar in manner precisely similar. The supporting rods, b, b, are found in the defendant's lantern, attached to, but not pivoted to, the collar, and connected with the base plate by a direct, though angular, connection. One cannot avoid infringement of the claims by cutting out a section of the Higgins collar, attaching the rods rigidly to the collar and bending them twice before connecting the other ends with the base plate. And yet, this is, substantially, what the defendant has done. There is nothing in the description or claim which makes the pivoted connection absolutely essential and nothing which requires the words "connected directly" to mean connected at the nearest point. The drawings of the patent do not show rods so connected and such a construction would entirely lose sight of the idea the inventor had in mind. We speak of two cities as being directly connected by telegraph though the line between them may pursue the most zigzag and circuitous route. A spring may be directly connected with a house though the connecting pipe may be laid around the base of an intervening mountain. It is in this sense that the word "directly" is used, the idea being that the rods, and the rods alone, hold the collar and base plate together. It is only by a very illiberal and illogical construction of the claims of this patent that the defense of noninfringement can be established.

It is conceded by the complainants that the Betts lantern is only an improvement upon the Higgins lantern, embodying the same general features of construction as the latter. It discloses no new principle of operation and accomplishes no new result. All

that can be said is that it is, perhaps, more symmetrical in appearance and convenient in use. Without pausing to consider whether such a structure involves invention it is perfectly clear that the claims which are designed to cover it must be strictly confined to the precise mechanism described and shown. There is no room here for the doctrine of equivalents or for such modified liberality of construction as has just been extended to the Higgins patent. When patents deal merely with inconsequential details each patentee must be confined to the precise structure which he has contributed to the art. Derby v. Thompson, 146 U. S. 476, 13 Sup. Ct. Rep. 181; McCormick v. Talcott, 20 How. 402. So construed the defendant does not infringe.

The complainants are entitled to a decree for an injunction and an accounting upon the two claims of the Higgins patent, but without costs.